UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MANCUSO, | No. 2:25-cv-1424 CSK P |
| Plaintiff, | ORDER |
| v. | |
| SACRAMENTO COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.    SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

1   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
2   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
3   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
4   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
5   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.    PLAINTIFF'S COMPLAINT

Plaintiff suffers from an enlarged prostate.  While housed in general population, plaintiff was treated by Dr. Eder, but when plaintiff was moved to protective custody, he is now "forced" to see a nurse practitioner who plaintiff alleges has no idea how to treat plaintiff's symptoms. (ECF No. 1 at 3.)  Plaintiff claims he is not being given proper care and would like to see a specialist.  Plaintiff wants proper medication, and would like to receive prostate surgery.  Plaintiff needs regular chronic care appointments with the same primary care physician, special shoes for his diabetes, and long medical dental floss for his teeth issues.  (Id.)  In the caption of his

complaint, plaintiff names Sacramento County Jail Medical Staff, nurse practitioner and Dr. Eder. (Id. at 1.) But in the defendants' section of the complaint, plaintiff names "a nurse practitioner at Sacramento County Jail," and Does 1-20. (Id. at 2.)

IV.     EIGHTH AMENDMENT CLAIM:  MEDICAL CARE

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Negligence allegations are insufficient. Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835). The indifference to the prisoner's medical needs must be substantial--negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

V.     DISCUSSION

Plaintiff's allegations fail to state a cognizable civil rights claim. Rather, it appears plaintiff has a difference of opinion as to how his medical conditions are being treated. Plaintiff includes no facts demonstrating a particular individual is being deliberately indifferent to plaintiff's serious medical needs. Plaintiff does not provide facts showing how the nurse practitioner's treatment differs from the treatment provided by Dr. Eder. Plaintiff also fails to

4

provide facts showing that the failure to treat a medical condition could result in further significant injury or the unnecessary and wanton infliction of pain. It is common knowledge that many men suffer from enlarged prostates, particularly as they age, and often the medical treatment is to monitor the condition rather than pursue surgical options.

Although plaintiff named Dr. Eder as a defendant in the caption of the complaint, plaintiff includes no factual allegations showing that Dr. Eder was deliberately indifferent to plaintiff's serious medical needs. Indeed, that plaintiff did not include Dr. Eder in the defendants' section of the complaint suggests plaintiff may not have intended to name Dr. Eder as a defendant. In addition, plaintiff may not simply identify "jail medical staff" or "a nurse practitioner" as defendants. Plaintiff must include charging allegations as to each individual defendant and explain how he or she was deliberately indifferent to plaintiff's serious medical needs.

For all of these reasons, plaintiff's complaint must be dismissed. However, plaintiff is granted leave to amend.

VI.    DOE DEFENDENTS

Plaintiff names "Does 1-20" as defendants. First, plaintiff does not identify each defendant doe and his or her alleged act or omission which plaintiff contends violated his constitutional rights. This is insufficient to put prospective defendants on notice of their alleged actions or omissions that plaintiff claims violate his federal rights. In order to link these doe defendants to the alleged acts or omissions that demonstrate a violation of plaintiff's federal rights, plaintiff is granted leave to amend, to either name the defendants involved, or list the doe defendants involved. If plaintiff can only list these defendants as John Doe, plaintiff must identify the John Doe as best as possible, and allege specific acts that these doe defendants did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Plaintiff is reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Second, plaintiff's use of Doe defendants is problematic, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary. Rule 15 of the Federal Rules of Civil

Procedure, not state law "Doe" pleading practices, governs whether new defendants may be added and if so, whether the claims against them would relate back to the filing of the initial complaint. Should plaintiff learn the identities of the "Doe" parties he wishes to serve, he must promptly move pursuant to Rule 15 to file an amended complaint to add them as defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action. Additionally, unknown persons cannot be served with process until they are identified by their real names. The court will not investigate the names and identities of unnamed defendants. Plaintiff must identify at least one defendant by name so that service of process can be accomplished; then plaintiff can attempt to identify other defendants through discovery.[1] In his amended complaint, plaintiff should provide the name of at least one individual named as a defendant.

VII.   LEAVE TO AMEND

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff must name the same defendants in the caption of his complaint as he lists in the defendants' section of his complaint. Fed. R. Civ. P. 10.

---

[1] Where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie, 629 F.2d at 642).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## VIII. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this Court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: July 8, 2025

/1/manc1424.14n

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MANCUSO, <br><br> Plaintiff, <br><br> v. <br><br> SACRAMENTO COUNTY JAIL, et al., <br><br> Defendants. | No.  2:25-cv-1424 CSK P <br><br><br> NOTICE OF AMENDMENT |

    Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐    Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff